UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-380-H

ALICE M. WHITEHOUSE                                                                                          PLAINTIFF

V.

PROGRESSIVE CASUALTY INSURANCE COMPANY                                            DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff sued in state court for the full proceeds of the underinsured motorists coverage on her insurance policy issued by Progressive Casualty Insurance.  Progressive removed to federal court on the grounds that the parties were diverse and that the complaint sought amounts exceeding $75,000.  Plaintiff has moved to remand to state court on the grounds that the amount at issue cannot exceed the jurisdictional amount and that Defendant has failed to prove otherwise.

Where the complaint does not specify the amount at issue, the defendant has the burden of showing that it is more likely than not "that the claims meet the jurisdictional amount." *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  In her complaint, Plaintiff demands payment of the full policy limits of $50,000, plus attorney's fees that are disclosed to be a contingent fee.  Even a 40 percent contingency would keep the amount at issue under the jurisdictional limit.  Consequently, it is of critical significance that Plaintiff has neither asserted a claim of bad faith nor asked for punitive damages.  Under these circumstances, the Court determines by a preponderance of the evidence that the amount at issue for jurisdictional

purposes cannot exceed $75,000. Therefore, the case should be remanded.

Plaintiff has asked for sanctions for wrongful removal. A defendant in these circumstances must always be careful not to "sit idly by" while the period for removal runs. *See McGraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994). Thus, the judgment as to whether or when to remove can be a difficult one. The factual issue of whether Plaintiff's demand actually exceeded $75,000 was a relatively close call. In addition, Plaintiff has suggested but has not alleged bad faith. Whether Defendant was correct to deny the policy limits and offer only $10,000 to settle is a matter for later determination. Considering all these factors, the Court does not believe that sanctions are appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is remanded to Jefferson Circuit Court.

IT IS FURTHER ORDERED that Plaintiff's motion for sanctions is DENIED.

cc: Counsel of Record